UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CURT FOREMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC, and DIRECT TV, LLC,<br><br>    Defendants. | Case No.: 3:22-cv-01607<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** CURT FOREMAN ("Plaintiff"), by and through his undersigned attorneys, complaining of the Defendants, Enhanced Recovery Company, LLC., ("ERC"), and DIRECT TV, LLC ("Direct TV") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 .

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Northern District of Ohio, Defendants conduct business in the Northern District of Ohio, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. ERC is a debt collection agency with its principal office located 8014 Bayberry Road, Jacksonville, Florida 32256.

7. DirecTV is a cable service company with its principal office located at 2260 East Imperial Hwy, El Segundo, California 90245.

8. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. The instant action stems from Defendants' attempt to collect upon a debt said to be owed by Plaintiff.

10. Plaintiff opened an account with Direct-TV which incurred an alleged debt ("subject debt").

11. At some point in time during the fall of 2021, ERC acquired the right to collect on the subject debt.

12. At all times relevant, Direct-TV had an agency relationship with ERC whereby Direct-TV (as the principal) had the right to control and direct the activities of ER (as the agent) and ERC had the authority to act on behalf of Direct-TV. Accordingly, Direct-TV as the principal of ERC is liable for the acts of ERC.

13. Sometime thereafter Plaintiff began receiving collection calls from the ERC.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone number (419) XXX- 1116.

15. During a collection call, Plaintiff notified ERC to stop contacting him; however the representative retorted that the collection calls would continue.

16. Plaintiff explained that he has been receiving unwanted and unconsented to calls while he is driving for work and again asked for the calls to stop.

17. Plaintiff's request fell on deaf ears again and ERC continued placing harassing collection calls to Plaintiff, including but not to calls from the phone numbers (260)-279-2281, and (888)-701-1750.

18. To date, Plaintiff has yet to receive any written correspondence from Defendant ERC.

19. Defendant ERC's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time consulting with his attorneys as a result of Defendant ERC's harassing collection efforts.

21. Defendant ERC's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular

3

telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ERC)

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. ERC is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

26. Moreover, ERC is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. ERC used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. ERC's communications to Plaintiff were made in connection with the collection of the subject debt.

    a. **Violations of FDCPA §1692c**

29. Defendant ERC violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop as he was driving for work. Despite having actual knowledge that the timing was inconvenient for Plaintiff, Defendant continued to place harassing collection calls.

    b. **Violations of the FDCPA §1692d**

30. ERC violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the alleged subject

debt. Moreover, ERC's continued placing the relentless calls after Plaintiff advised ERC to cease placing collection calls to his cellular phone.

31. ERC violated §1692d(5) by causing Plaintiffs cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's prior consent.

32. Furthermore, Defendant ERC has relentlessly called Plaintiff on numerous occasions and on back-to-back days. This volume of calls shows that Defendant ERC willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

### c. Violations of the FDCPA §1692g

33. Section 1692g(a) provides:

> (a) Within **five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
>     (1)    the amount of the debt;
>
>     (2)    the name of the creditor to whom the debt is owed;
>
>     (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>     (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers, including a consumer's right to dispute the validity of a debt.

35. The required disclosures are commonly referred to as the "validation notice."

36. ERC violated §1692g by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff.

37. Accordingly, ERC failed to provide Plaintiff with critical information required by the FDCPA.

**WHEREFORE**, Plaintiff CURT FOREMAN respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further communicating with Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Court deems just and proper.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

1. Defendants are "supplier(s)" as defined by Ohio Rev. Code §1345.01(C).

2. Defendants collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

3. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

4. Defendants violated §1345.02 of the OCSPA when they used deceptive means to collect and/or attempt to collect the subject debt. Plaintiff informed Defendant that he wanted the calls the stop. Yet, Defendant has continued to contact Plaintiffs in a deceptive attempt to force them to answer its calls and ultimately make a payment. Moreover, a representative of ERC stated ERC would continue to call. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to harass him and continually call his cellular phone when ERC no longer had consent to do so.

5. Defendants violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by continuously calling Plaintiff over a dozen times after being notified to stop, including multiple phone calls during the same day. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

**WHEREFORE**, Plaintiff, CURT FOREMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Award Plaintiff his actual damages in an amount to be determined at trial;

    b. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

    c. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

    d. Award any other relief this Honorable Court deems equitable and just

**Plaintiff demands trial by jury.**

Dated: September 9, 2022                           Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*
